## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| JH ARCHITECTURE, PLLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.: 1:22-cv-00035 |
| | § | |
| AVERY CONSTRUCTION, LLC, | § | Jury Trial Demanded |
| and ALAN AVERY, | § | |
| | § | |
| Defendants. | § | |

## **COMPLAINT**

Plaintiff, JH Architecture, PLLC ("Plaintiff") files this Complaint against defendants Avery Construction, LLC ("Avery Construction") and Alan Avery ("Avery"), and for its causes of action shows the following:

### **PARTIES**

1. Plaintiff is a Texas Professional Limited Liability Company with its principal place of business in Austin, Texas.

2. Avery Construction (a/k/a Avery Building Company) is a Texas limited liability corporation with its principal place of business in Lakeway, Texas. Service of Process may be had on its principal, Alan Avery, at 213 Stowaway Cove, Unit B, Lakeway, TX, 78734-4077.

3. Avery is an individual residing in Lakeway, Texas. He may be served with process at 213 Stowaway Cove, Unit B, Lakeway, TX, 78734-4077.

**JURISDICTION AND VENUE**

4. This is an action for copyright infringement and violations of the Digital Millennium Copyright Act (the "DMCA"), and arises under the laws of the United States of America codified at 17 U.S.C. §§ 101 *et seq*.

5. This court has exclusive federal jurisdiction over the subject matter of Plaintiff's claim under 28 U.S.C. § 1338(a).

6. Each of the Defendants is subject to the personal jurisdiction of this Court because they reside in this District and solicit and transact business in this District on a regular basis, and because acts complained of herein occurred and are occurring in this District.

7. Venue in this District is proper under 28 U.S.C. § 1400(a) because Defendants reside or may be found in this District.

**FACTUAL BACKGROUND**

8. Plaintiff is an architecture firm, and is engaged in the business of creating, publishing, distributing, advertising, and licensing architectural works and technical drawings depicting those architectural works, including residential home designs and construction plans for them.

9. Avery Construction is a contractor and real estate developer.

10. Avery is the owner and principal of Avery Construction.

11. At all material times, Avery has had the right and ability to supervise and control the activities of Avery Construction, including all actions described in this Complaint.

12. At all material times, Avery has had a direct financial interest in the activities of Avery Construction, including all actions described in this Complaint.

13. Plaintiff has created an architectural known as 1706 Perez Street (the "Copyrighted Work"). The Copyrighted Work is a derivative of an architectural work created by Plaintiff in 2017, which was known as 1404 E. 2nd. Plaintiff has registered its copyrights in the Copyrighted Work with the United States Copyright Office, as evidenced by Certificates of Registration VA0002281218 and VA0002281220.[1]

14. The Copyrighted Work and its parent work are all architectural works that are copyrightable subject matter under 17 U.S.C. § 102(8). They each constitute and contain material wholly original to Plaintiff, including the overall look and feel of the works, and the selection and arrangement of the constituent parts of the work.

15. Plaintiff is and at all times has been the author and the sole owner of all right, title and interest in and to the Copyrighted Work and its parent work.

16. In 2017, Plaintiff licensed its 1404 E. 2nd architectural work to a client, on a single use basis (*i.e.*, the client could construct the depicted architectural works one time, and one time only, at a specified location). Under this license, the depicted architectural works were constructed at 1404 E. 2nd Street, Austin, Texas.

17. In 2018, Plaintiff licensed the Copyrighted Work (being a modified version of its 1404 E. 2nd architectural work) to a client (Austin787 Properties), on a single use basis (*i.e.*, the client could construct the depicted architectural works one time, and one time only, at a specified location (1706 Perez Street, Austin, Texas).

---

[1] Because the Copyrighted Work consists of two buildings (a residence and an accessory dwelling unit), the Copyright Office required separate registrations for each building.

18. Plaintiff's contract with its client for the use of the Copyrighted Work at 1706 Perez Street included the following provision:

> 6. **USE AND OWNERSHIP OF DOCUMENTS:** Architect shall retain all common law, statutory and other reserved rights, including the copyright, in the designs, drawings, concepts, and plans. Client's right to use the same is conditional and limited to a one-time use to construct the above-referenced Project. Upon completion of the project or termination of this agreement, the Client's right to use Architect's designs, drawings, concepts, plans, and specifications shall end.

19. Each sheet of the plans embodying the Copyrighted Work bore the name and architectural seal of plaintiff's principal, along with the title and other information identifying the work in the following format:



The first sheet of these plans also included a block with the title and other information identifying the work:

> A CUSTOM RESIDENCE &
> ACCESSORY DWELLING UNIT
> 1706 PEREZ STREET
> AUSTIN, TX 78721
> TRAVIS COUNTY

The first sheet of these plans also bore the following use restriction:

4

> 6.) THESE DRAWINGS ARE INSTRUMENTS OF SERVICE AND SHALL REMAIN THE PROPERTY OF THE ARCHITECT. ARCHITECT SHALL RETAIN ALL COMMON LAW, STATUTORY AND OTHER RESERVED RIGHTS, INCLUDING THE COPYRIGHT, IN THE DESIGNS, DRAWINGS, CONCEPTS, AND PLANS. CLIENTS RIGHT TO USE SAME IS CONDITIONAL AND LIMITED TO A ONE-TIME USE TO CONSTRUCT THE AGREED UPON PROJECT.

The plans embodying the Copyrighted Work thus included the title and other information identifying the work, the name of the author of the work, and the terms and conditions for the use of the work. This information constitutes "Copyright Management Information," as that term is defined in the DMCA (*see* 17 U.S.C. § 1202(c)), and will hereinafter be referred to as "Plaintiff's Copyright Management Information."

20. Avery Construction was hired as the general contractor on the 1706 Perez Street project. However, except as authorized by the contract between Plaintiff and Austin787 Properties, Avery Construction's authorized use of the design and plans for the 1706 Perez Street project (*i.e.*, the Copyrighted Work) was limited to constructing the depicted architectural works at 1706 Perez Street.

21. Pursuant to the license between Plaintiff and Austin787 Properties, Avery Construction obtained copies of plans embodying the Copyrighted Work. The plans Avery Construction obtained included Plaintiff's Copyright Management Information as described above. Avery Construction thereafter constructed the Copyrighted Work at 1706 Perez Street, Austin, Texas.

22. In 2019, Plaintiff licensed a slightly modified version of the Copyrighted Work to Avery Construction on a single use basis (*i.e.*, Avery Construction could construct the architectural work one time, and one time only, at a specified location). Under this license, the Copyrighted Work was constructed at 3309 Thompson Street, Austin, Texas.

23. Plaintiff's contract with Avery Construction for the 3309 Thompson Street project included the following provision:

> 4. **USE AND OWNERSHIP OF DOCUMENTS:** Architect shall retain all common law, statutory and other reserved rights, including the copyright, in the designs, drawings, concepts, and plans. Client's right to use the same is conditional and limited to a one-time use to construct the above-referenced Project. Upon completion of the project or termination of this agreement, the Client's right to use Architect's designs, drawings, concepts, plans, and specifications shall end.

24. In 2020, Plaintiff licensed a slightly modified version of the Copyrighted Work to Avery Construction on a single use basis (*i.e.*, Avery Construction could construct the depicted architectural works one time, and one time only, at a specified location). Under this license, the Copyrighted Work was constructed at 1207 Luna Street, Austin, Texas.

25. The plans that Plaintiff provided Avery Construction for the 3309 Thompson and 1207 Luna Street houses bore Copyright Management Information comparable to Plaintiff's Copyright Management Information (*i.e.*, they bore the title and other information identifying the work, the architect's seal showing the name of the author of the work, and the terms and conditions for the use of the work).

26. In 2021, Avery and Avery Construction made and distributed copies of the Copyrighted Work to Luciana Corwin, d/b/a AHS Design Group ("Corwin"), a draftsman and building designer.

27. In making such copies, Avery and Avery Construction intentionally removed Plaintiff's Copyright Management Information (*i.e.*, the copies of the Copyrighted Work that Avery made and sent to Corwin were made in a fashion that intentionally removed the title and other information identifying the work, the architectural seals, and use restriction that were present on the original).

28.     For example, this is Sheet A-4 of the plans embodying the Copyrighted Work, with Plaintiff's principal's architectural seal and the title or other identifying information in the lower right corner:



29.     This is the copy of a front elevation that Avery and Avery Construction provided to Corwin (in the form of a file entitled "3302 Thompson Main 1 EF.png"):



30.     "3302 Thompson Main 1 EF.png" is a second generation literal copy of the "Main House – Front Elevation" from Sheet A4 (upper left quadrant), with the notes and some dimensions along the right edge cropped off:



31. For further example, this is Sheet A-3 of the plans embodying the Copyrighted Work, with Plaintiff's principal's architectural seal and the title or other identifying information in the lower right corner:



32. This is a floorplan that Avery and Avery Construction provided to Corwin (in the form of a files entitled "3302 Thompson Main1B.png"):

8



33. Again, "3302 Thompson Main1B.png" is a second generation literal copy of the "Front House Main Floor Dimension Plans" from Sheet A3 (upper right quadrant), with the description along the right edge crudely cropped off:



34. Other images Avery and Avery Construction created and distributed to Corwin were similarly copied from the plans depicting the Copyrighted Work, in a fashion that intentionally removed Plaintiff's Copyright Management Information.

35. Avery and Avery Construction knowingly and intentionally removed Plaintiff's Copyright Management Information to conceal and facilitate their infringement of Plaintiff's copyrights.

9

36. Avery and Avery Construction knowingly and intentionally removed Plaintiff's Copyright Management Information from copies of the Copyrighted Work with the intent to induce and cause Corwin to make illegal copies and derivatives of the Copyrighted Work, and thereby induce and cause Corwin to infringe Plaintiff's copyrights.

37. Avery and Avery Construction directed Corwin to redraw the Copyrighted Work with minor changes for a project at 3302 Thompson Street, Austin, Texas.

38. Corwin did so. The plans she generated will hereinafter be referred to as the "Subject Plans."

39. The Subject Plans are a copy or derivative of the Copyrighted Work and/or its parent works.

40. The Subject Plans are a copy of Plaintiff's architectural work (specifically, the Copyrighted Work) from which Plaintiff's Copyright Management Information has been removed.

41. Corwin reproduced and distributed copies of the Subject Plans to Avery Construction.

42. The Subject Plans bear a title block indicating that they were created by Corwin (AHS Design Group), and bear an architect's seal (Roel Bazan, an architect associated with Corwin).

43. The Subject Plans also bear the following claim:

> 5. THESE DRAWINGS/SPECS ARE INSTRUMENTS OF SERVICE AND SHALL REMAIN THE PROPERTY OF THE DESIGNER WHETHER THE PROJECT IS EXECUTED OR NOT. THESE DRAWINGS SHALL NOT BE USED BY THE CLIENT FOR OTHER PROJECTS, FOR ADDITIONS TO THIS PROJECT, OR FOR COMPLETION OF THIS PROJECT BY OTHERS WITHOUT PERMISSION OF THIS DESIGNER.

44. The AHS Design Group title block, the Bazan architect's seal, and the putative claim of ownership and use restrictions constitute false Copyright Management Information under the DMCA, in that they falsely assert the Corwin and/or Bazan are the "authors" of the depicted architectural work and / or have the legal right to authorize or restrict the use of the depicted architectural work. The AHS Design Group title block, the Bazan architect's seal, and the putative claim of ownership and use restrictions on the Subject Plans will hereinafter be referred to as the "False Copyright Management Information."

45. By virtue of Avery Construction's contracts with Plaintiff, and Avery Construction's possession of plans bearing Plaintiff's Copyright Management Information, Avery and Avery Construction knew that the Copyrighted Work belonged to Plaintiff.

46. Because Avery and Avery Construction knew the Copyrighted Work belonged to Plaintiff, they knew that the Copyright Management Information on the Subject Plans was false.

47. Avery Construction used the Subject Plans to obtain a building permit, and thereafter has been constructing the buildings depicted in the Subject Plans at 3302 Thompson Street, Austin, Texas (the "Subject Buildings").

48. The Subject Buildings are copies or derivatives of the Copyrighted Work and/or its parent work.

49. In the course of developing the Subject Buildings, Avery and Avery Construction have each reproduced and distributed copies of the Subject Plans to third parties, including municipal authorities, engineers, subcontractors, and materialsmen.

50. Avery and Avery Construction have each reproduced, distributed, and displayed copies of the Subject Plans or portions thereof to third parties as part of the marketing of the Subject Buildings and the promotion of Avery Construction, including but not limited to distribution on the internet at the URL:

https://www.averybuildingcompany.com/inprogress-austin

(hereinafter, the "Avery Webpage").

51. When a visitor goes to the Avery Webpage, Avery Construction's website causes electronic copies of the images on the Avery Webpage (including copies of the Subject Plans or portions thereof) to be distributed to the visitor's computer. This one-to-one distribution of copies of the Subject Plans or portions thereof has occurred each time a visitor has been to the Avery Webpage while portions of the Subject Plans were featured on it.

52. Each distribution by Avery or Avery Construction of the Subject Plans or portions thereof bearing False Copyright Management Information constituted a providing the recipient with copyright management information that was false.

53. Each distribution by Avery or Avery Construction of the Subject Plans or portions thereof bearing False Copyright Management Information constituted a distribution of copyright management information that was false.

54. Each distribution by Avery or Avery Construction of the Subject Plans or portions thereof bearing False Copyright Management Information was made knowingly and with the intent to induce, enable, facilitate, or conceal infringement; specifically, by making it appear that the Subject Plans were legitimate, and thereby conceal Avery and Avery Construction's piracy of the Copyrighted Work and induce others to participate in the illegal construction and marketing of the Subject Buildings.

55. Each distribution by Avery or Avery Construction of the Subject Plans or a portion thereof was a distribution of a copy of the Copyrighted Work, from which Avery and Avery Construction knew that Plaintiff's Copyright Management Information had been removed or altered without Plaintiff's permission.

56. Each distribution by Avery and Avery Construction of the Subject Plans or a portion thereof where Plaintiff's Copyright Management Information has been removed or altered was done with Avery and Avery Construction knowing or having reasonable grounds to know that such distribution would induce, enable, facilitate, or conceal infringement; specifically, by concealing Avery and Avery Construction's piracy of the Copyrighted Work, and knowing that removing Plaintiff's Copyright Management Information from the copies of the Copyrighted Work would induce others to participate in Avery and Avery Construction's illegal construction and marketing of the Subject Buildings.

57. In late 2021, Plaintiff learned of the Subject Buildings and the Subject Plans.

58. Through counsel, Plaintiff advised defendants that the creation of the Subject Plans and the construction and marketing of the Subject Buildings infringed its

copyrights in the Copyrighted Work, and demanded that they cease and desist from further infringement.

59. In response to this demand, on December 7, 2021 Corwin stated that Avery "assured [her] that he had ownership of the plans" that Avery had provided her.

60. On information and belief, Avery did in fact represent to Corwin that Avery and/or Avery Construction owned the rights to the designs in question.

61. Such representation was false, and Avery knew it was false when he made it.

62. Based on Avery Construction's contracts with Plaintiff, and Avery and Avery Construction's possession of copies of the Copyrighted Work bearing Plaintiff's use restriction, Avery knew that Plaintiff was the owner of the copyrights in the Copyrighted Work, and therefore knew that his representations to Corwin as to the ownership and source of the materials he provided her were all false.

63. Avery knowingly made such false representations to Corwin with the specific intent that she would rely on them, and would thereby induce Corwin to create illegal copies and derivatives of the Copyrighted Work.

64. On information and belief, Corwin would not have created the Subject Plans had Avery and Avery Construction not removed Plaintiff's Copyright Management Information from the copies of the Copyrighted Works they distributed to Corwin.

65. Avery and Avery Construction knew or reasonably should have known that Corwin would not have created the Subject Plans had Avery and Avery Construction not removed Plaintiff's Copyright Management Information from the copies of the Copyrighted Works they distributed to Corwin.

66. On information and belief, Corwin would not have created the Subject Plans had Avery and Avery Construction truthfully identified the source of the materials they provided Corwin.

67. Avery and Avery Construction knew or reasonably should have known that Corwin would not have created the Subject Plans had Avery and Avery Construction truthfully identified the source of the materials they provided Corwin.

68. On information and belief, Corwin would not have affixed the False Copyright Management information to the Subject Plans had Avery and Avery Construction not removed Plaintiff's Copyright Management Information from the copies of the Copyrighted Works they distributed to Corwin.

69. Avery and Avery Construction knew or reasonably should have known that Corwin would not have affixed False Copyright Management information to the Subject Plans had Avery and Avery Construction not removed Plaintiff's Copyright Management Information from the copies of the Copyrighted Works they distributed to Corwin.

70. Avery and Avery Construction have ignored Plaintiff's demands, and continue to willfully infringe Plaintiff's copyrights by continuing the construction and marketing of the Subject Buildings and distribution and display of the Subject Plans.

### COUNT I: COPYRIGHT INFRINGEMENT

(17 U.S.C. §§ 501 *et seq.*)

71. Plaintiff complains of all defendants for copyright infringement, and realleges and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 70 above.

72. By creating the Subject Plans, Corwin has violated Plaintiff's exclusive rights in the Copyrighted Works, including the right to reproduce and the right to prepare derivative works.

73. By reproducing the Subject Plans or causing them to be reproduced, each defendant has violated Plaintiff's exclusive rights in the Copyrighted Works, including the right to reproduce and the right to prepare derivative works.

74. By distributing the Subject Plans or causing them to be distributed, each defendant has violated Plaintiff's exclusive rights in the Copyrighted Work, including the right to distribute.

75. By constructing the Subject Buildings, Avery and Avery Construction have each violated Plaintiff's exclusive rights in the Copyrighted Work, including the right to reproduce and the right to prepare derivative works.

76. By marketing the Subject Buildings, Avery and Avery Construction have each violated Plaintiff's exclusive rights in the Copyrighted Work, including the right to reproduce, the right to distribute, and the right to prepare derivative works.

77. Should Avery or Avery Construction rent, sell or otherwise transfer the Subject Buildings, such will violate Plaintiff's exclusive rights in the Copyrighted Work, including the right to distribute.

78. Pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover from each defendant, jointly and severally, its actual damages suffered as a result of these infringements.

79. Pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover all profits of each defendant that are attributable to the infringement.

80. Avery is vicariously liable for the infringements committed by Avery Construction that are described above, and is thus jointly and severally liable for any award against Avery Construction.

81. Avery and Avery Construction are each contributorily liable for the infringements committed by Corwin that are described above, and each of them are thus jointly and severally liable for the profits earned by Corwin from producing the Subject Plans.

82. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to preliminary and permanent injunctive relief to restrain copyright infringement of the Copyrighted Work, including but not limited to the further reproduction or distribution of the Subject Plans, and the construction, marketing, sale, rental, or other distribution of the Subject Buildings.

83. Pursuant to 17 U.S.C. § 503(b), Plaintiff is entitled to an order requiring the destruction or other reasonable disposition of all infringing copies found to have been made in violation of its exclusive rights.

### COUNT II: VIOLATIONS OF THE DIGITAL MILLENNIUM COPYRIGHT ACT
(17 U.S.C. § 1202 *et seq.*)

84. Plaintiff complains of all defendants for violations of 17 U.S.C. § 1202, and realleges and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 83 above.

85. Each removal or alteration of Plaintiff's copyright management information by Avery or Avery Construction constitutes a separate violation of 17 U.S.C. § 1202(b)(1).

86. Pursuant to 17 U.S.C. § 1203(c)(3)(B), Plaintiff is entitled to recover not less than $2,500 nor more than $25,000 from Avery and Avery Construction for each violation of § 1202(b)(1).

87. Each distribution by Avery or Avery Construction of a copy of the Copyrighted Work, or portion of such a copy, that has removed or altered Plaintiff's Copyright Management Information constitutes a separate violation of 17 U.S.C. § 1202(b)(3).

88. Each distribution of the Subject Plans, or any portion of them, by or at the direction of Avery or Avery Construction constitutes a separate violation of 17 U.S.C. § 1202(b)(3).

89. Pursuant to 17 U.S.C. § 1203(c)(3)(B), Plaintiff is entitled to recover not less than $2,500 nor more than $25,000 from Avery and Avery Construction for each violation of § 1202(b)(3).

90. Each distribution by Avery or Avery Construction of a copy of the Subject Plans, or any portion of them, that bears False Copyright Management Information constitutes a separate violation of 17 U.S.C. § 1202(a)(1).

91. Pursuant to 17 U.S.C. § 1203(c)(3)(B), Plaintiff is entitled to recover not less than $2,500 nor more than $25,000 from Avery and Avery Construction for each violation of § 1202(a)(1).

92. Each distribution by Avery or Avery Construction of a copy of the Subject Plans, or any portion of them, that bears False Copyright Management Information constitutes a separate violation of 17 U.S.C. § 1202(a)(3).

93. Pursuant to 17 U.S.C. § 1203(c)(3)(B), Plaintiff is entitled to recover not less than $2,500 nor more than $25,000 from Avery and Avery Construction for each violation of § 1202(a)(3).

94. Avery is vicariously liable for all of Avery Construction's violations of the DMCA, and as such Avery is jointly and severally liable for all amounts assessed against Avery Construction for violations of the DMCA.

95. Pursuant to 17 U.S.C. § 1203(c)(3)(B), Plaintiff is entitled to recover not less than $2,500 nor more than $25,000 from Avery and Avery Construction for each violation of § 1202(b)(3).

96. Pursuant to 17 U.S.C. § 1203(b), Plaintiff is also entitled to its reasonable attorney fees and costs of court against all Avery and Avery Construction, jointly and severally.

### CONDITIONS PRECEDENT

97. Plaintiff generally avers that all conditions precedent to its rights of recovery have occurred or have been performed.

### JURY DEMAND

98. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands trial by jury on all issues so triable.

WHEREFORE, JH Architecture PLLC prays that defendants be cited to appear and answer, and that upon final trial that it have and recover from defendants as requested herein, that it have injunctive and destructive relief as requested herein, and that it have such and other relief as it may show itself to be entitled.

Date: January 12, 2022	Respectfully submitted,

By:	/s/ Louis K. Bonham
Louis K Bonham
State Bar No. 02597700
bonham@obwbip.com
Osha Bergman Watanabe & Burton, LLP
909 Fannin Street, Suite 3500
Houston, Texas 77010
713.228.8600 Telephone
713.228.8778 Facsimile

COUNSEL FOR PLAINTIFF