# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| JH ARCHITECTURE, PLLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | Civ. Action No. 1:22-CV-00035-RP |
| AVERY CONSTRUCTION, LLC, ALAN | § | |
| AVERY and G CAPITAL LLC | § | |
| | § | |
| *Defendants*. | § | |

## AVERY DEFENDANTS' SECOND AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

TO THE HONORABLE DISTRICT COURT:

DEFENDANTS AVERY CONSTRUCTION, LLC ("Avery Construction") and ALAN AVERY ("Alan Avery") (collectively "Avery Defendants"), by and through their undersigned counsel, hereby submit their Second Amended Answer to the First Amended Complaint ("Complaint") filed by PLAINTIFF JH ARCHITECTURE, PLLC ("Plaintiff"), and respectfully respond to Plaintiff's allegations as follows:

## PARTIES

1. Avery Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 1 of the Complaint, and, on that basis, Avery Defendants deny each such allegation.

2. Avery Defendants admit that Defendant Avery Construction is a Texas limited liability company with its principal place of business in Westlake, Texas. Avery Defendants admit that Defendant Avery Construction has appeared and answered in this lawsuit. Otherwise, Avery Defendants deny the remaining allegations set forth in Paragraph 2 of the Complaint.

3.  Avery Defendants admit that Defendant Alan Avery is an individual residing in Lakeway, Texas. Avery Defendants further admit Defendant Alan Avery has appeared and answered in this lawsuit. Otherwise, Avery Defendants deny the remaining allegations set forth in Paragraph 3 of the Complaint.

4.  Avery Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 4 of the Complaint, and, on that basis, Avery Defendants deny each such allegation.

## JURISDICTION AND VENUE

5.  The allegations of Paragraph 5 are conclusions of law, which require no answer from Avery Defendants. To the extent that an answer is required, Avery Defendants admit that the Plaintiff has brought suit under the Copyright Act, but otherwise deny the allegations of this paragraph.

6.  The allegations of Paragraph 6 are conclusions of law, which require no answer from Avery Defendants. To the extent that an answer is required, Avery Defendants do not contest Federal subject matter jurisdiction.

7.  The allegations of Paragraph 7 are conclusions of law, which require no answer from Avery Defendants. To the extent that an answer is required, Avery Defendants do not contest personal jurisdiction in this matter.

8.  The allegations of Paragraph 8 are conclusions of law, which require no answer from Avery Defendants. To the extent that an answer is required, Avery Defendants do not contest venue.

## FACTUAL BACKGROUND

9. Avery Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 9 of the Complaint, and, on that basis, Avery Defendants deny each such allegation.

10. Avery Defendants admit that, among other functions, Defendant Avery Construction is a contractor and real estate developer.

11. Avery Defendants admit that Defendant Alan Avery is the owner and managing member of Defendant Avery Construction. Otherwise, Avery Defendants deny the remaining allegations set forth in Paragraph 11 of the Complaint.

12. Avery Defendants admit that, at all material times, Defendant Alan Avery had the right to generally supervise and control the activities of Defendant Avery Construction. Otherwise, Avery Defendants deny the remaining allegations set forth in Paragraph 12 of the Complaint.

13. Avery Defendants admit that, at all material times, Defendant Alan Avery has had a direct financial interest in the activities of Defendant Avery Construction. Otherwise, Avery Defendants deny the remaining allegations set forth in Paragraph 12 of the Complaint.

14. Avery Defendants admit the allegations set forth in Paragraph 14 of the Complaint.

15. Avery Defendants admit the allegations set forth in Paragraph 15 of the Complaint.

16. The allegations of Paragraph 16 are conclusions of law, which require no answer from Avery Defendants. Moreover, the alleged Construction Loan Agreement, Note, and Deed of Trust set forth in Paragraph 16 speak for themselves. To the extent that an answer is required, Avery Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 16 of the Complaint, and, on that basis, Avery Defendants deny each such allegation.

17. The allegations of Paragraph 17 are conclusions of law, which require no answer from Avery Defendants. The alleged Construction Loan Agreement set forth in Paragraph 17 speaks for itself. To the extent that an answer is required, Avery Defendants deny the allegations of this paragraph.

18. Avery Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 18 of the Complaint, and, on that basis, Avery Defendants deny each such allegation.

19. The allegations of Paragraph 19 are conclusions of law, which require no answer from Avery Defendants. To the extent that an answer is required, Avery Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 19 of the Complaint, and, on that basis, Avery Defendants deny each such allegation.

20. Avery Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 20 of the Complaint, and, on that basis, Avery Defendants deny each such allegation.

21. Avery Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 21 of the Complaint, and, on that basis, Avery Defendants deny each such allegation.

22. Avery Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 22 of the Complaint, and, on that basis, Avery Defendants deny each such allegation.

23. Avery Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 23 of the Complaint, and, on that basis, Avery Defendants deny each such allegation.

24. Avery Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 24 of the Complaint, and, on that basis, Avery Defendants deny each such allegation.

25. Avery Defendants admit that Defendant Avery Construction was hired as the general contractor for the project at 1706 Perez Street. The remaining allegations of Paragraph 25 are conclusions of law, which require no answer from Avery Defendants. To the extent that an answer is required, Avery Defendants deny the allegations of this paragraph.

26. Avery Defendants admit that Defendant Avery Construction built the home at 1706 Perez Street, Austin, Texas. Avery Defendants further admit that Avery Construction was provided copies of the plans for 1706 Perez Street. The remaining allegations of Paragraph 26 are conclusions of law, which require no answer from Avery Defendants. To the extent that an answer is required, Avery Defendants deny the allegations of this paragraph.

27. The allegations of Paragraph 27 are conclusions of law, which require no answer from Avery Defendants. To the extent that an answer is required, Avery Defendants deny the allegations of this paragraph.

28. The allegations of Paragraph 28 contain conclusions of law, which require no answer from Avery Defendants. The alleged contract set forth in Paragraph 28 speaks for itself. Avery Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 28 of the Complaint, and, on that basis, Avery Defendants deny each such allegation.

29. The allegations of Paragraph 29 are conclusions of law, which, require no answer from Avery Defendants. To the extent that an answer is required, Avery Defendants deny the allegations of this paragraph.

30. The allegations of Paragraph 30 contain conclusions of law, which require no answer from Avery Defendants. The alleged plans set forth in Paragraph 30 speak for themselves. Avery Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 30 of the Complaint, and, on that basis, Avery Defendants deny each such allegation.

31. Avery Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 31 of the Complaint, and, on that basis, Avery Defendants deny each such allegation.

32. Avery Defendants deny the allegations set forth in Paragraph 32 of the Complaint.

33. Avery Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 33 of the Complaint, and, on that basis, Avery Defendants deny each such allegation.

34. Avery Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 34 of the Complaint, and, on that basis, deny the allegations set forth in Paragraph 34 of the Complaint.

35. Avery Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 35 of the Complaint, and, on that basis, Avery Defendants deny each such allegation.

36. Avery Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 36 of the Complaint, and, on that basis, Avery Defendants deny each such allegation.

37. Avery Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 37 of the Complaint, and, on that basis, Avery Defendants deny each such allegation.

38. Avery Defendants deny the allegations set forth in Paragraph 38 of the Complaint.

39. Avery Defendants deny the allegations set forth in Paragraph 39 of the Complaint.

40. Avery Defendants deny the allegations set forth in Paragraph 40 of the Complaint.

41. Avery Defendants deny the allegations set forth in Paragraph 41 of the Complaint.

42. Avery Defendants deny the allegations set forth in Paragraph 42 of the Complaint.

43. Avery Defendants deny the allegations set forth in Paragraph 43 of the Complaint.

44. Avery Defendants deny the allegations set forth in Paragraph 44 of the Complaint.

45. Avery Defendants deny the allegations set forth in Paragraph 45 of the Complaint.

46. Avery Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 46 of the Complaint, and, on that basis, Avery Defendants deny each such allegation.

47. The allegations of Paragraph 47 contains conclusions of law, which require no answer from Avery Defendants. The alleged Subject Plans set forth in Paragraph 47 speak for themselves. Avery Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 47 of the Complaint, and, on that basis, Avery Defendants deny each such allegation.

48. The allegations of Paragraph 48 contain conclusions of law, which require no answer from Avery Defendants. The alleged Subject Plans set forth in Paragraph 48 speak for themselves. Avery Defendants lack sufficient knowledge or information to form a belief about the

truth of the allegations set forth in Paragraph 48 of the Complaint, and, on that basis, Avery Defendants deny each such allegation.

49. Avery Defendants deny the allegations set forth in Paragraph 49 of the Complaint.

50. Avery Defendants deny the allegations set forth in Paragraph 50 of the Complaint.

51. Avery Defendants deny the allegations set forth in Paragraph 51 of the Complaint.

52. Avery Defendants deny the allegations set forth in Paragraph 52 of the Complaint.

53. Avery Defendants deny the allegations set forth in Paragraph 53 of the Complaint.

54. Avery Defendants deny the allegations set forth in Paragraph 54 of the Complaint.

55. Avery Defendants deny the allegations set forth in Paragraph 55 of the Complaint.

56. Avery Defendants deny the allegations set forth in Paragraph 56 of the Complaint.

57. Avery Defendants deny the allegations set forth in Paragraph 57 of the Complaint.

58. Avery Defendants deny the allegations set forth in Paragraph 58 of the Complaint.

59. Avery Defendants deny the allegations set forth in Paragraph 59 of the Complaint.

60. Avery Defendants deny the allegations set forth in Paragraph 60 of the Complaint.

61. Avery Defendants deny the allegations set forth in Paragraph 61 of the Complaint.

62. Avery Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 62 of the Complaint, and, on that basis, Avery Defendants deny each such allegation.

63. Avery Defendants admit to having received communications from Plaintiff's attorney and admit that Plaintiff's attorney demanded that Avery Defendants cease work on the building project referenced in Paragraph 63 of the Complaint. Otherwise, Avery Defendants deny the remaining allegations set forth in Paragraph 63 of the Complaint.

64. Avery Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 64 of the Complaint, and, on that basis, Avery Defendants deny each such allegation.

65. Avery Defendants deny the allegations set forth in Paragraph 65 of the Complaint.

66. Avery Defendants deny the allegations set forth in Paragraph 66 of the Complaint.

67. Avery Defendants deny the allegations set forth in Paragraph 67 of the Complaint.

68. Avery Defendants deny the allegations set forth in Paragraph 68 of the Complaint.

69. Avery Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 69 of the Complaint, and, on that basis, Avery Defendants deny each such allegation.

70. Avery Defendants deny the allegations set forth in Paragraph 70 of the Complaint.

71. Avery Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 71 of the Complaint, and, on that basis, Avery Defendants deny each such allegation.

72. Avery Defendants deny the allegations set forth in Paragraph 72 of the Complaint.

73. Avery Defendants deny the allegations set forth in Paragraph 73 of the Complaint.

74. Avery Defendants deny the allegations set forth in Paragraph 74 of the Complaint.

75. Avery Defendants deny the allegations set forth in Paragraph 75 of the Complaint.

### **COUNT I: COPYRIGHT INFRINGEMENT**

76. Avery Defendants hereby repeats and incorporates by reference their Responses to the allegations contained in Paragraphs 1 through 75 of the Complaint as though fully set forth herein.

77. Avery Defendants deny the allegations set forth in Paragraph 77 of the Complaint.

78. Avery Defendants deny the allegations set forth in Paragraph 78 of the Complaint.

79. Avery Defendants deny the allegations set forth in Paragraph 79 of the Complaint.

80. Avery Defendants deny the allegations set forth in Paragraph 80 of the Complaint.

81. Avery Defendants deny the allegations set forth in Paragraph 81 of the Complaint.

82. Avery Defendants deny the allegations set forth in Paragraph 82 of the Complaint.

83. Avery Defendants deny the allegations set forth in Paragraph 83 of the Complaint.

84. Avery Defendants deny the allegations set forth in Paragraph 84 of the Complaint.

85. Avery Defendants deny the allegations set forth in Paragraph 85 of the Complaint.

86. Avery Defendants deny the allegations set forth in Paragraph 86 of the Complaint.

87. Avery Defendants deny the allegations set forth in Paragraph 87 of the Complaint.

88. Avery Defendants deny the allegations set forth in Paragraph 88 of the Complaint.

89. Avery Defendants deny the allegations set forth in Paragraph 89 of the Complaint.

## COUNT II: VIOLATIONS OF THE DIGITAL MILLENNIUM COPYRIGHT ACT

90. Avery Defendants deny the allegations set forth in Paragraph 90 of the Complaint.

91. Avery Defendants deny the allegations set forth in Paragraph 91 of the Complaint.

92. Avery Defendants deny the allegations set forth in Paragraph 92 of the Complaint.

93. Avery Defendants deny the allegations set forth in Paragraph 93 of the Complaint.

94. Avery Defendants deny the allegations set forth in Paragraph 94 of the Complaint.

95. Avery Defendants deny the allegations set forth in Paragraph 95 of the Complaint.

96. Avery Defendants deny the allegations set forth in Paragraph 96 of the Complaint.

97. Avery Defendants deny the allegations set forth in Paragraph 97 of the Complaint.

98. Avery Defendants deny the allegations set forth in Paragraph 98 of the Complaint.

99. Avery Defendants deny the allegations set forth in Paragraph 99 of the Complaint.

100. Avery Defendants deny the allegations set forth in Paragraph 100 of the Complaint.

101. Avery Defendants deny the allegations set forth in Paragraph 101 of the Complaint.

102. Avery Defendants deny the allegations set forth in Paragraph 102 or the Complaint.

## CONDITIONS PRECEDENT

103. Avery Defendants deny the allegations set forth in Paragraph 103 of the Complaint.

## JURY DEMAND

104. Avery Defendants do not contest Plaintiff's jury demand and likewise demand a trial by jury.

## RESIDUAL DENIAL

105. Avery Defendants deny each and every allegation of the Complaint that is not specifically admitted above.

## AFFIRMATIVE DEFENSES

106. Avery Defendants asserts the following additional defenses to the Complaint, but does not assume the burden of proof on any such defenses except as required by applicable law.

107. Avery Defendants specifically reserve the right to supplement or amend this answer to assert any and all additional defenses which may become available through information developed in discovery, at trial, or otherwise.

## FIRST DEFENSE
### (Failure To State A Claim)

108. Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND DEFENSE
### (Fair Use)

109. Plaintiff's claims are barred, in whole or in part, by the doctrine of fair use.

## THIRD DEFENSE
## (Waiver)

110. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## FOURTH DEFENSE
## (Estoppel)

111. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel, including, but not limited to, equitable estoppel.

## FIFTH DEFENSE
## (Unclean Hands)

112. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## SIXTH DEFENSE
## (Third Party Conduct)

113. Plaintiff's damages, if any, were caused, in whole or in part, by the conduct of third parties and not the conduct of Avery Defendants.

## SEVENTH DEFENSE
## (Failure to Mitigate Damages)

114. To the extent Plaintiff suffered any damages, which Avery Defendants expressly deny, Plaintiff has failed to take the steps necessary to mitigate the damages sustained.

## EIGHTH DEFENSE
## (Innocent Intent)

115. Plaintiff's claims are barred, in whole or in part, because Avery Defendants' conduct was in good faith and with non-willful intent, at all times.

## NINTH DEFENSE
## (Lack of Volitional Act)

116. Plaintiff's claims are barred because the alleged infringement was not caused by a volitional act attributable to Avery Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, Avery Defendants pray for relief as follows:

A.  A judgment for Avery Defendants and against Plaintiff regarding Plaintiff's claims set forth in the Complaint;

B.  An order that Plaintiff take nothing against Avery Defendants by way of Plaintiff's claims and receive no relief as sought in the Complaint;

C.  An award to Avery Defendants for all attorneys' fees and costs incurred herein under the applicable statutes of the Copyright Act; and

D.  All other relief to which Avery Defendants may be justly entitled, at law or in equity.

Avery Defendants reserve the right to plead further.

                              Respectfully submitted,

By: */s/ Ross Spencer Garsson*
      John R. Nelson
      State Bar No. 00797144
      Ross Spencer Garsson
      State Bar No. 00784112
      Adam T. Walton
      State Bar No. 24093323
      DICKINSON WRIGHT PLLC
      607 W. 3rd Street, Suite 2500
      Austin, Texas 78701
      Telephone: 512-770-4214
      Fax: 844-670-6009
      jnelson@dickinson-wright.com
      rgarsson@dickinson-wright.com
      awalton@dickinson-wright.com

      **ATTORNEYS FOR DEFENDANTS AVERY CONSTRUCTION, LLC AND ALAN AVERY**

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of March, 2022, I served a true and accurate copy of the foregoing document to all counsel of record via the Court's CM/ECF electronic filing system.

*/s/ Ross Spencer Garsson*
Ross Spencer Garsson
